F. W. MYERS & CO., INC. *v.* UNITED STATES

Court No. 72–3–00710

(Dated February 7, 1975)

*Covington & Burling* (*Rodney E. Gould* of counsel) for the plaintiff.
*Carla A. Hills*, Assistant Attorney General (*John N. Politis* and *Andrew P. Vance*, trial attorneys), for the defendant.

RICHARDSON, Judge: The merchandise involved in this case, Atomet 28, was classified under item 608.05, TSUS, as iron powder, at the rate of duty of 0.3¢ per pound. The plaintiff, agent of the importer, Quebec Metal Powders Limited of Tracy, Canada, and consignee of the merchandise, claims classification should be under item 608.02, TSUS, as sponge iron powder, at the rate of duty of 37¢ per ton in 1969 and 25¢ per ton in 1970.

Plaintiff moved to compel discovery, requesting the defendant to produce (1) all laboratory reports extending back to and prior to 1970 on ferrous powders; (2) the work sheets which explain the tests and analyses done in order to produce the laboratory reports; (3) C.I.E. rulings; without the deletions of the names of the manufacturers (where known to the government), the names of the importers and the trade names of the imported merchandise (where known to the government).

At the oral argument on the motion, the plaintiff limited its request to 218 laboratory reports extending back only to 1970; and six customs rulings and letters. The government agreed (1) to furnish plaintiff with the 218 laboratory reports extending back to 1970 for the seven

191

powders produced by Quebec Metal Powders, the manufacturer for whom, the plaintiff, F. W. Myers & Co., Inc. is an agent, and all the powders imported by its competitors, during said period; (2) to furnish the worksheets which explain the tests and analyses done in order to produce the laboratory reports; (3) to correlate each laboratory report with each entry and show how the merchandise was classified and liquidated; and (4) to furnish six customs rulings and letters.

The residual issue for the court to rule upon is whether the defendant should be compelled to furnish the names of the producers, importers and trade names of those imported metal powders other than the metal powders before the court.

The importer contends that the information sought contains no pricing data, no customer lists, no secret manufacturing process, no future business plans and should not be shielded behind a wall of confidentiality.

The government resists the plaintiff's remaining request for information, contending that it does not keep records of trade names, and the names of the other producers and importers were given to it in confidence, and for competitive reasons should not be divulged, under 19 C.F.R. 103.10 exempting privileged and confidential documents from disclosure; and Rule 6.1(b)(1) of the Rules of the Customs Court which also excludes "privileged" information from disclosure, and Rule 14.3(b)(1) which limits the availability of laboratory reports "only to the attorney of record or a party to the action."

In discovery proceedings, discovery is limited to a party's needs in prosecuting or defending against a claim. It appears to the court that the disclosure of the laboratory reports with the names of the importers and manufacturers excised; the work sheets which explain the tests and analyses done in order to produce the laboratory reports; and a correlation of each laboratory report with each entry, showing how the merchandise was classified and liquidated, is sufficient disclosure to enable the plaintiff to prosecute its claim. In addition, to order that the excised names of importers and manufacturers and trade names (where known to the government) be disclosed would force the government to breach its obligation to hold in confidence commercial information which should not be disclosed for competitive reasons. Also, the plaintiff has not shown that it has a proper or legal interest in the residual disclosure it seeks.

An order will be entered directing disclosure of documents in accordance with the stipulation of the parties at the oral argument on the motion for discovery, and the names of the importers and manufacturers and trade names (where known to the government) shall be excised from said documents.